IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO.____________________

JOHN ALLEN AND SHARON ALLEN,

Plaintiffs,

vs.

AIG PROPERTY CASUALTY COMPANY,

Defendant.

________________________________________

**DEFENDANT'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that the Defendant, AIG PROPERTY CASUALTY COMPANY (hereinafter "Defendant," or "AIGPCC"), a foreign corporation, by and through its undersigned counsel and pursuant to 28 U.S.C. § 1446, hereby files this Notice of Removal in order to remove the above-captioned civil action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Broward Division. The above-captioned civil State Court action is styled as *John Allen and Sharon Allen v. AIG Property Casualty Company*, Case No.: CACE-20-007629 (hereinafter "State Court Action"). The grounds for removal of the State Court Action to this Court are as follows:

1. AIGPCC is the Defendant in a civil action brought by Plaintiffs, John Allen and Sharon Allen (hereinafter "Plaintiffs"), in the State Court Action which is located within the United States District Court for the Southern District of Florida. Complete copies of the Plaintiffs' Complaint (hereinafter "Complaint"), Notice of Service of Process, and pleadings served upon AIGPCC in the State Court Action are collectively attached to this Notice of

Removal as composite Exhibit "A" pursuant to 28 U.S.C. §1446(a). To date, no orders have been served upon AIGPCC in the State Court Action.

2. At all material times hereto, AIGPCC was and is a foreign corporation, incorporated in Pennsylvania, doing business in the State of Florida, with its principal place of business in New York.

3. At all material times hereto, the Plaintiffs were citizens of a different state than AIGPCC, that being Florida, with the subject insured property located in Broward County, Florida. *See* Exhibit A, Complaint, ¶ ¶ 2-4.

4. More specifically, the property at issue in this suit is located in Palm Beach County, Florida at 5821 Cypress Road, Plantation, Florida 33317 (hereinafter "Insured Property"), and was insured by AIGPCC via a policy issued to Plaintiffs, bearing Policy Number PCG 0004060228. *See* Exhibit A, Complaint, ¶ ¶ 2-4. The Insured Property is the location of the alleged damages at issue in this suit for which benefits are sought by the Plaintiffs under the aforementioned policy. *See generally* Exhibit A, Complaint.

5. The current action is a suit between citizens of different states in which the amount in controversy exceeds $75,000.00. Accordingly, AIGPCC is entitled to remove this action because this Honorable Court has original jurisdiction based on diversity of citizenship as provided by 28 U.S.C. § 1332.

6. The State Court Action is properly removed to this district and division under 28 U.S.C. § 1441 because it is the district and division embracing the place where the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

7. The Plaintiffs' Complaint filed in Florida State Court was served on AIGPCC or about July 10, 2020; this is the date upon which the Chief Financial Officer of the State of Florida forwarded a copy of the Complaint to AIGPCC's designated agent, and the date upon

which AIGPCC's designated agent for service of process received same. *See* Exhibit A, Notice of Service of Process.

8. In the Complaint, the Plaintiffs' allege a cause of action for breach of contract, alleging that "the above described property was damaged . . . [d]uring the policy period," further alleging that AIGPCC breached the Policy by "having not been compensated for the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein." *See* Exhibit A, ¶¶ 5 & 9. The Plaintiffs have also included a count for declaratory relief in their Complaint. See Exhibit A, Complaint, ¶¶ 12-18.

9. The allegations in the Plaintiffs' Complaint state that "this is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, attorney fees and costs, and is otherwise within the jurisdictional limits of this Court." *See* Exhibit A, ¶ 1.

10. In support of the Plaintiffs' claim against AIGPCC for the foregoing, prior to service of suit, the Plaintiffs provided other papers to AIGPCC claiming alleged damage in the amount of $404,423.63, exclusive of the applicable deductible. As such, AIGPCC ascertained that the instant case is one that is removable as the amount in controversy exceeds $75,000.00. A copy of the Plaintiffs' documentation provided, consisting of an estimate from Max Claim Consultants Public Insurance Adjusters is attached hereto and marked as Exhibit "B."

11. Thus, the allegations in the Plaintiffs' Complaint together with the other papers supplied by the Plaintiffs demonstrate that the amount in controversy in this case exceeds $75,000.00, exclusive of any alleged interest and costs as set forth above.

12. As such, consistent with 28 U.S.C. §1446, this Notice of Removal is timely filed within thirty (30) days of AIGPCC's receipt of the initial pleading and/or receipt of other papers from which it could first be ascertained that the case is one which is removable as the amount in controversy exceeds $75,000.00. *See* Exhibit A. *See also Viacom, Inc. v. Zebe,* 882 F. Supp.

1063, 1064 (S.D. Fla. 1995) (quoting *Hunt v. Washington State Apple Advertising Com'n,* 432 U.S. 333 (1977)) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

13. A copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Court in the State Court Action.

**WHEREFORE**, Defendant, AIGPCC, respectfully requests that the civil action filed by Plaintiffs in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, be removed to this Court as provided by 28 U.S.C. §1441, *et. seq*, and that this Honorable Court accept jurisdiction of this action.

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on the 10TH day of August 2020, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**THE TEEBAGY & MEDEIROS**
**LAW GROUP, PLLC,** Attorneys for Defendant
P.O. Box 221647
West Palm Beach, FL 33422
Telephone: (561) 229-0280
Facsimile: (561) 229-0281
Primary Email: eservice@thetmlaw.com

By: ___*/s/Steven C. Teebagy*_________
Steven C. Teebagy, Esquire
Non-Service Email: steebagy@thetmlaw.com
Florida Bar No.: 64823
Crystalin Medeiros, Esquire
Non-Service Email: cmedeiros@thetmlaw.com
Florida Bar No.: 56342

**SERVICE LIST**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

JOHN ALLEN AND SHARON ALLEN V. AIG PROPERTY CASUALTY COMPANY

CASE NO.:

John A. Salcedo, Esquire
Florida Bar. No. 14665
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, Florida 33314
(954) 463-8100
(954) 463-8106
E-Service Email: service@mineolaw.com
*Counsel for Plaintiffs*