CSC

**TMM / ALL**
**Transmittal Number: 21739440**
**Date Processed: 07/13/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Eric Manne<br>AIG Property Casualty<br>80 Pine St<br>Fl 13<br>New York, NY 10005-1734 |

| | |
|---|---|
| **Entity:** | AIG Property Casualty Company<br>Entity ID Number 0212479 |
| **Entity Served:** | AIG Property Casualty Company |
| **Title of Action:** | John Allen vs. AIG Property Casualty Company |
| **Matter Name/ID:** | John Allen vs. AIG Property Casualty Company (10364236) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Broward County Circuit Court, FL |
| **Case/Reference No:** | CACE-20-007629 Division 18 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 07/10/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Chief Financial Officer in FL on 05/29/2020 |
| **How Served:** | Electronic SOP |
| Sender Information: | Keith Pipersburg<br>786-529-0090 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

*20-000187246*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

---

JOHN ALLEN AND SHARON ALLEN

PLAINTIFF(S)

VS.

AIG PROPERTY CASUALTY COMPANY

DEFENDANT(S)

______________________________________/

| | |
|---|---|
| **CASE #:** | **CACE-20-007629** |
| **COURT:** | **CIRCUIT COURT** |
| **COUNTY:** | **BROWARD** |
| **DFS-SOP #:** | **20-000187246** |

SUMMONS, COMPLAINT, DISCOVERY, NOTICE DESIGNATING EMAIL ADDRESS, CIVIL COVER SHEET

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on Friday, May 29, 2020 and a copy was forwarded by ELECTRONIC DELIVERY on Friday, July 10, 2020 to the designated agent for the named entity as shown below.

AIG PROPERTY CASUALTY COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

***Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

PETER MINEO JR.
ESQUIRE
THE MINEO SALCEDO LAW FIRM, P.A.
5600 DAVIE ROAD,
DAVIE, FL 33314

DR1

RECEIVED AS STATUTORY REGISTERED AGENT
on 29 May, 2020 and served on defendant or named party on 10 July, 2020
by the Florida Department of Financial Services

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

JOHN ALLEN and SHARON ALLEN,

Plaintiffs,

vs.

CASE NO:

AIG PROPERTY CASUALTY COMPANY,

Defendant,

_________________________________/

**CIVIL SUMMONS**

THE STATE OF FLORIDA:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, Interrogatories, Request for Production, Notice of Deposition, and Notice of E/Mail Designation, in this action on Defendant:

**By serving:**

**AIG PROPERTY CASUALTY COMPANY**
**c/o Florida Chief Financial Officer as RA**
**Service of Process Section**
**Department of Financial Services**
**Post Office Box 6200**
**Tallahassee, Florida 32314-6200**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to-wit:

**whose address is:**

**PETER MINEO JR., ESQUIRE**
**THE MINEO SALCEDO LAW FIRM, P.A.**
**5600 DAVIE ROAD, DAVIE, FL 33314**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON ___ MAY 07 2020 .

BRENDA D. FORMAN
as Clerk of said Court,

by: ______________________
as Deputy Clerk
(Court Seal)

CLERK OF CIRCUIT & COUNTY COURT
IN GOD WE TRUST
FLORIDA
BROWARD COUNTY

BRENDA D. FORMAN

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

JOHN ALLEN and SHARON ALLEN,

CASE NO:

Plaintiffs,

vs.

AIG PROPERTY CASUALTY COMPANY,

Defendant.

________________________________/

**COMPLAINT**

COMES NOW the Plaintiffs, JOHN ALLEN and SHARON ALLEN, by and through the undersigned counsel and hereby file this Complaint against the Defendant, AIG PROPERTY CASUALTY COMPANY, and as grounds therefore state as follows:

1. That this is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, attorney fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. That at all times material hereto the Defendant was an insurance company authorized to do business in the State of Florida and doing business in Broward County, Florida.

3. That at all times material hereto the Plaintiffs were and are residents of Broward County, Florida, and are otherwise *sui juris*.

4. That at all times material hereto, Plaintiffs and Defendant had a policy of insurance, Policy No. PCG0004060228, on Plaintiffs' residence located at 5821 Cypress Road, Plantation, FL 33317, which afforded various types of coverages including

coverage for damage to dwelling, other structures, personal property, and for loss of use. Plaintiffs are not in possession of a copy of the policy but believe one to be in possession of Defendant.

5. During the policy period, the above described property was damaged.

6. As a result of this incident, the Plaintiff has suffered damage to the building on the subject property, damage to contents, and loss of use of the property and possessions therein.

7. Plaintiffs have complied with all conditions precedent and/or statutory requirements in order to recover under the policy of insurance and applicable Florida Statutes, or, in the alternative, those conditions precedent and/or statutory requirements that have not been complied with have been waived by the Defendant. The Defendant assigned the loss claim number 2634000852US, but the Defendant has refused and continues to refuse to pay either part or all of the Plaintiffs' claims.

**COUNT I – BREACH OF CONTRACT**

Plaintiffs readopt and reallege Paragraphs 1 through 7 above as if fully stated herein, and further alleges as follows:

8. That the Defendant's denial of coverage and refusal to pay the full amount of the claim or in the alternative, a reasonable amount was contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance. In the alternative the Defendant has or refused to pay a reasonable amount of the Plaintiff's claim. This is contrary to the terms of the policy and/or Florida law and was a breach of said insurance contract.

9. The Plaintiffs have been damaged by the Defendant's breach of said contract of insurance by having not been compensated for the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein.

10. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiffs' claims, the Plaintiffs have been required to retain the services of the undersigned attorneys to represent and protect the Plaintiffs' interests and Plaintiffs have become obliged to pay them a reasonable fee for their services in bringing this action.

11. In the event that the Plaintiffs prevail in this action, Plaintiffs are entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

WHEREFORE, the Plaintiffs, JOHN ALLEN and SHARON ALLEN, demand judgment against the Defendant, AIG PROPERTY CASUALTY COMPANY, for damages including but not limited to damage to the building, contents, loss of use, interest allowed by law, and reasonable attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law, and the Plaintiffs' demand trial by jury of all issues triable as a matter of right by jury.

**COUNT II**
**PETITION FOR DECLARATORY RELIEF**

Plaintiffs reallege and readopt Paragraphs 1 through 7 as if fully set forth herein and sues the Defendant for declaratory relief pursuant to Chapter 86 of the Florida Statutes and further states as follows:

12. The above insurance policy between Plaintiffs and Defendant provides comprehensive coverage for damages as a result of losses to property.

13. Pursuant to Chapter 86 of Florida Statutes, the Plaintiffs request this Court to take jurisdiction over this action and determine the Plaintiffs' rights under said policy.

14. The Plaintiffs furnished timely notice of a covered loss and otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes.

15. Defendant refused and continues to refuse to pay the full amount of Plaintiffs' claims.

16. The Plaintiffs believe, but are in doubt, that the Plaintiffs are entitled to full coverage under said policy, including but not limited to, coverage for damage to the building on the subject property, its contents, and its loss of use.

17. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiffs' claims, the Plaintiffs have been required to retain the services of the undersigned attorneys to represent and protect the Plaintiffs' interests and Plaintiffs have become obligated to pay them a reasonable fee for their services in bringing this action.

18. In the event that the Plaintiffs prevail in this action, Plaintiffs are entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law.

**WHEREFORE**, Plaintiffs hereby demand judgment against Defendant and the following:

a. that the Court take jurisdiction over the parties and the subject matter of this action;

b. that the Court determine the rights and duties of the parties under said insurance policy;

c. that this Court enter an Order determining that the subject policy was in full force and effect at the time of the loss;

d. that the Court enter an Order determining that the damages suffered by Plaintiffs are not excluded under the policy insurance.

e. that the Court enter an Order determining that the Plaintiffs complied with all requirements under the policy and are entitled to full coverage for their damages under said policy, including but not limited to coverage for the full amount of loss including damage to the building on the subject property, contents, and loss of use;

f. that the Court award the Plaintiffs attorney fees pursuant to Florida Statute Section 627.428 or other Florida law, prejudgment interest, and costs; and

g. that the Court enter any other relief that it deems just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiffs further demand a trial by jury of all issues so triable as a matter of right.

Dated this 6th day of May, 2020

By: ______________________________

PETER MINEO JR.
Florida Bar No: 328928
THE MINEO SALCEDO LAW FIRM, P.A.
Attorneys for Plaintiff
5600 Davie Road
Davie, FL 33314
T: (954) 463-8100
F: (954) 463-8106
Service@mineolaw.com